### 7687.　WORTHY *v.* CITY OF ATLANTA.

The evidence as to the large quantities of whisky delivered at frequent times within a short period by the express company to the accused, and his statement to a police officer that he was "handling whisky," and wished the municipal authorities to be "as light on him as possible," together with other circumstances, authorized a finding that he kept such liquor for sale. It was not necessary to show an actual sale.

DECIDED OCTOBER 31, 1916.

Certiorari; from Fulton superior court—Judge Pendleton. May 17, 1916.

*A. W. White, P. L. Bartlett,* for plaintiff in error.

*J. L. Mayson, S. D. Hewlett,* contra.

WADE, C. J. Worthy was convicted in the recorder's court of the city of Atlanta on the charge of having violated a municipal

ordinance which prohibits the keeping of spirituous liquors for unlawful sale. He took the case to the superior court by certiorari. The certiorari was overruled, and he excepted. The evidence disclosed that a great number of cases of liquor, each containing 48 half-pints, had been delivered to the defendant in the month of January, 1916, by the express company, and that about a half-barrel of whisky and some 25 or 30 half-pints of whisky in different boxes, alleged to be the property of the defendant, were seized, which the defendant himself thereafter admitted belonged to him. There was likewise testimony that the defendant himself admitted to a police officer, in the presence of two other persons, who corroborated this testimony, that he was "handling whisky," and said that he wished the municipal authorities to be "as light on him as possible," as he had not employed any lawyer. This testimony, together with some other slight circumstances in proof, was sufficient to authorize the inference, drawn by the recorder, that the defendant kept the whisky in his possession for the purpose of sale. While it may be true, as stated in *Lewis* v. *Filzgerald,* 17 *Ga. App.* 274 (86 S. E. 531), that "in the absence of any circumstance indicating the purpose for which it was to be used, mere possession of a barrel of whisky will not authorize a conviction of the violation of a municipal ordinance prohibiting the keeping of intoxicants for the purpose of illegal sale," there were circumstances in proof in this case which clearly indicated the purpose for which the whisky was kept, in addition to the defendant's admission that he was "handling whisky" and his statement that he wanted the city officials to be as light on him as possible. There is nothing in the evidence to suggest that the defendant was a man of large means, but the contrary inference may be drawn from the testimony as a whole, and it is unreasonable to suppose that in ordering large quantities of whisky, in bottles which were of convenient size for distribution, his purpose was gratuitous distribution, or that if he ordered whisky for his own use, he would have ordered it in the manner and in the quantities shown by the testimony. The evidence shows that between the 6th and the 22d of one month, he ordered more than 80 cases of whisky, each case containing more than 48 half-pints; and even if it be reasonable to assume that this quantity was ordered for his personal use, it is not reasonable to infer that such a quantity, if designed for his own use, would have been ordered in half-pint bottles and from day to day.

To our minds the circumstances in proof conclusively indicate that the whisky was ordered for the purpose of sale; and the admission of the defendant, which was not objected to as not being freely and voluntarily made, was also enough to exclude every reasonable hypothesis save that of his guilt. In order to indicate the purpose for which the defendant kept the whisky, it was not necessary to show an actual sale, but *any* circumstances in proof indicating, to the exclusion of every other reasonable hypothesis, that he kept it for the purpose of sale would be sufficient.

*Judgment affirmed.*